UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MANUEL PENA-MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, <br><br> Defendant. | Case No. 18–cv–0022 (CRC) |

## OPINION AND ORDER

Federal inmate and *pro se* plaintiff Manuel Pena-Martinez ("Pena"[1]) submitted a FOIA request to the FBI seeking information about one Arturo Ortiz Colon ("Colon"), whom he identifies as an FBI confidential informant. Gov't Statement of Material Facts ("SMF"), ECF No. 19, ¶ 2. Pena sought records reflecting who within the FBI authorized Colon to be an informant and pose as a corrupt FBI agent as part of a sting operation that led to Pena's arrest and conviction. Id. He also sought a copy of the "Attorney Generals Guidelines for the Use of Confidential Informants." Id.

The FBI issued a "Glomar response"—that is, it could neither confirm nor deny the existence of any records relating to Colon[2]—to the first request and provided the 18-page guidelines in response to the second. Id. ¶ 5; Smith Decl., ECF No. 19-3, ¶ 8. Pena then filed this lawsuit, challenging the agency's failure to produce documents in response to his first request. Compl., ECF No. 1, ¶ 6. The government moved for summary judgment in October

---

[1] Mr. Pena-Martinez refers to himself as Pena in his complaint so the Court will as well.

[2] See Phillippi v. CIA, 655 F.2d 1325, 1327–28 (D.C. Cir. 1981) (affirming CIA's refusal to confirm or deny connection to a classified program).

2018 and, when Pena did not respond, the Court issued a standard Fox/Neal Order.  See Dec. 7, 2018 Order, ECF No. 20.  Pena has not responded to that order either.  Even without an opposition, the Court may not treat the motion as conceded and must instead consider whether the government is entitled to summary judgment.  See Winston & Strawn, LLP v. McLean, 843 F.3d 503, 508 (D.C. Cir. 2016).  For the reasons that follow, the Court concludes that the government has not met its burden.  The Court will therefore deny without prejudice the government's motion for summary judgment.

As it did here, the FBI often relies on FOIA Exemptions 6, 7(C), and 7(D) when issuing a Glomar response to a request regarding an alleged confidential informant.  The agency may do so "unless the informant's status as an informant has been officially confirmed."  5 U.S.C. § 552(c)(2).  "[W]hen an informant's status *has been* officially confirmed, the requirements of FOIA govern, and the agency must acknowledge the existence of any records it holds."  Benavides v. DEA, 968 F.2d 1243, 1246 (D.C. Cir. 1992) (emphasis in original).  The two questions for the Court here, then, are (1) what constitutes "official confirmation" of an informant's status and (2) has the FBI "officially confirmed" Colon's status.

The parties do not attempt to answer the first question, and the Court has been unable to identify binding precedent offering a specific test for what constitutes official confirmation.  With respect to the second question, Pena alleges that "Colon's status as a confidential informant was know[n] at all times relevant to this case."  Compl. ¶ 6.  In support, he attaches to his complaint an excerpt from the opening brief in his direct appeal to the First Circuit which describes "[c]ooperating witness" Colon's testimony in his trial.  Compl. Ex. A at 2–3.  The government's only response is that "[i]n reviewing Plaintiff's contentions . . . , the FBI found no indication it has ever officially disclosed Plaintiff's subject's involvement with FBI matters."

SMF ¶ 17; Hardy Decl., ECF No. 19-1, ¶ 20 (same); see also SMF ¶ 21 ("Plaintiff argues that Mr. Colon's status as an informant is publicly known but has not provided any documentation to support his claim; moreover, he has not provided any documentation to suggest that the FBI has officially acknowledged that Mr. Colon was an informant."). But that response fails to address Pena's implicit argument that the government officially confirmed Colon's status as a confidential informant by putting him on the stand during Pena's criminal trial and having him testify about the sting operation that led to Pena's conviction.

Other courts in this district have considered an alleged informant's trial testimony when determining whether the government has officially confirmed an informant's status. For example, in Cobar v. U.S. Department of Justice, 953 F. Supp. 2d 1 (D.D.C. 2013), the court had no trouble concluding "that the identity of the confidential informant has been officially confirmed in light of [the] sworn affidavit [by the informant's FBI handler], the content of [the informant's] public testimony at Cobar's criminal trial, and the district judge's opinion in July 2011 denying Cobar's motion for a new trial." Id. at 5; see also North v. U.S. Dep't of Justice, 810 F. Supp. 2d 205, 208–09 (D.D.C 2011) (rejecting agency's argument that [witness's] "testimony at [FOIA requester's] trial does not constitute official confirmation of his status as an informant" where "trial transcripts demonstrate[ed] that the government referred to [witness] as an informant and that [witness] testified that he entered into a cooperation agreement to assist the prosecution . . . in exchange for lenient sentencing in his own case").

The excerpted appellate brief asserts that Colon testified on behalf of the government at Pena's trial, but the Court does not have the benefit of that testimony or the government's characterization of it. Moreover, the First Circuit decision affirming Pena's conviction describes

3

the sting operation that led to his arrest and conviction, and that description suggests the government referred to Colon as an informant:

> [FBI agent] Pelaez recruited ex-police officer Arturo Ortiz-Colon (hereinafter "Ortiz") as an informant and undercover operative. Ortiz had lost his position in the Puerto Rican police because of prior criminal activity. He has also witnessed criminal activity of officers within the [Puerto Rico Police Department]. Pelaez launched Ortiz as his operative in a drug 'sting' operation aimed at corrupt police officers.

United States v. Villafane-Jimenez, 410 F.3d 74, 78 (1st Cir. 2005).

"Under [] FOIA, the burden is on the agency to sustain its action." Cobar, 953 F. Supp. 2d at 4 (quoting Am. Civil Liberties Union v. CIA, 710 F.3d 422, 427 (D.C. Cir. 2013)). By failing to address facts in the record suggesting Colon testified as a government witness during Pena's trial and was referred to as an informant, the government has failed to meet its burden. It is therefore

**ORDERED** that the [19] Motion for Summary Judgment is DENIED WITHOUT PREJUDICE. The government shall file any renewed motion, with supplemental declarations, within thirty (30) days of this order.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: February 26, 2019

4